ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

---

In the matter of the application of CHARLES H. MING, collector of taxes, for an order directing that certain taxes be paid.

A statute directing that taxes assessed upon property held in trust or for life &c., should be assessed in the name of the person entitled to the beneficial interest or income thereof, does not authorize an assessment against "the chancellor in trust," in respect to a mortgage given to the chancellor, the interest whereon is payable for life to one who is still living, and the principal thereof, after her death, payable to the chancellor.

---

*Messrs. Neighbour & Smith*, for petitioner.

THE CHANCELLOR.

The petition states that in 1879, 1880, 1881 and 1882, respectively, an assessment was made in Chester township, Morris

1

county, upon the chancellor "as chancellor in trust," upon personal property of the value of $7,000; that it was made in respect of a mortgage for $7,000 and interest, given by William Childs and wife, in 1868, to the chancellor, the interest whereon was payable to Phœbe Bartles for life (she is still living), and the principal, at her death, to the chancellor; and that Frederick Childs, of that township, was and is the owner of the mortgaged premises, and in each of those years claimed and obtained a deduction from the valuation of his taxable property in respect of the principal of that mortgage. The petition further states that he refuses to pay the taxes so assessed against the chancellor in respect to the mortgage, and it prays that an order may be made directing him to retain and pay them out of the interest-money which will become due on the mortgage on the 1st of April next.

It will have been seen that all of the assessments in question were made against the chancellor as "chancellor in trust," and not to Mrs. Bartles. Before the act of 1879, the money secured by that mortgage was not taxable at all. *Trustees &c.* v. *Trenton*, *3 Stew. Eq. 667.* By that act it was provided that the taxes assessed on entailed property, or property held in trust or for life, should be paid out of income from such property, or by the person or persons having the beneficial interest at the time; but that in case the taxes so assessed should be upon real estate, and the person or persons holding such real estate in trust or having a beneficial interest therein should fail to pay the taxes, the taxes assessed or laid thereon should be a lien on such real estate. *P. L. of 1879 p. 54.* That act did not authorize the assessment of the tax upon the chancellor for or in respect to this mortgage. By the act of 1882 (*P. L. of 1882 p. 120*) provision was made for assessing tax in respect to such mortgages, but it expressly provided (section 3) that the assessment should be made to the person or persons having the beneficial interest in them, or who might be entitled to have the income or interest thereof at the time of the assessment, whether such person or persons reside in this state or not. It provided also (section 6) for the collection of taxes assessed under the act of 1879, such collection to be by

the ordinary methods or by order of this court for the payment of the taxes out of the income or interest of the mortgage on petition of the collector of taxes. That act does not authorize, nor does it recognize as valid, any assessment against the chancellor; but it distinctly provides that the assessment shall be made against the person or persons having the beneficial interest in the mortgage, or who may be entitled to the interest. And in providing for the collection of taxes assessed in respect to such mortgages, under the act of 1879, it refers to assessments made against such persons only. The assessments in question, therefore, were wholly unauthorized, and inasmuch as they are not within the provisions of either of the acts above mentioned, they will not warrant the making of the order prayed for. The petition, therefore, must be dismissed.